IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

THEODORE M. MCANLIS,
    Petitioner,

vs.                                      Case No. 3:09cv149/MCR/EMT

SCOTT FISHER, WARDEN,
    Respondent.
_____/

**REPORT AND RECOMMENDATION**

      Petitioner has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1). The filing fee has been paid. This court has not ordered service of the petition upon Respondent because, as discussed herein, summary dismissal of the petition is appropriate.

I.    BACKGROUND

      On August 26, 2003, Petitioner was convicted by a jury in the United States District Court for the Southern District of Florida of eight counts of attempt to evade taxes (*see* Doc. 1 at 2). *See* United States of America v. McAnlis, Judgment, Case No. 02-80121 (S.D. Fla. Aug. 26, 2003). He was sentenced to a total term of incarceration of 121 months, consisting of six (6) concurrent terms of sixty (60) months of incarceration as to Counts One through Six, a term of sixty (60) months of incarceration as to Count Seven, to be served consecutively to Counts One through Six, and a term of one (1) month of incarceration as to Count Eight, to be served consecutively to Counts One through Seven. *See id.* Petitioner appealed the judgment of conviction and sentence to the Eleventh Circuit Court of Appeals, but the appeal was dismissed for want of prosecution because Petitioner failed to file a brief within the time fixed by the court rules (*see* Doc. 1 at 2–3).

      In the instant § 2241 petition, Petitioner raises one ground for relief, that is, that the sentencing court's application of the United States Sentencing Guidelines, effective November 1,

2001, violated the Double Jeopardy Clause because Petitioner's offenses concluded April 15, 2001 (Doc. 1 at 3, 4–4a).  As relief, Petitioner seeks "to rectify the unconstitutional restraint of my liberty" (*id*. at 4a).

II. LEGAL ANALYSIS

The power to issue the writ of habeas corpus was granted to the federal courts by the Judiciary Act of 1789.  *See* United States v. Hayman, 342 U.S. 205, 211, 72 S. Ct. 263, 96 L. Ed. 232 (1952).  The habeas remedy is now codified in § 2241, subsection (c)(3) of which provides that the writ of habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States."  As noted in Hayman, habeas corpus applications are required to be brought in the district of confinement.  342 U.S. at 213.

Because courts which had federal prisons within their jurisdictional boundaries became inundated with habeas petitions, and because the materials, witnesses, and other evidence which had a significant bearing on the determination of the legality of a sentence were generally located in the district where sentence was imposed rather than where the prisoner was confined, in 1948 Congress enacted § 2255 of Title 28.  *See* Hayman, 342 U.S. at 212–14, 218; *see also* Wofford v. Scott, 177 F.3d 1236, 1239 (11th Cir. 1999).  The language of § 2255 suggests, and the Eleventh Circuit has expressly concluded, that this statute was intended to channel challenges to the legality of the imposition of a sentence, while leaving § 2241 available to challenge the illegal execution of an otherwise legally imposed sentence.  *See* United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990); Martorana v. United States, 873 F.2d 283, 285 (11th Cir. 1989).  Only where § 2255 is inadequate or ineffective to test the legality of detention does the "savings clause" of § 2255 allow a prisoner to attack his conviction and sentence by filing a petition under § 2241.  *See* Wofford, 177 F.3d at 1244.

Petitioner's claim attacks the validity, not the execution, of his sentence.  Therefore, the claim must normally be presented in a motion attacking the sentence pursuant to § 2255.  Petitioner states that he has not presented his claim in a § 2255 motion because it is an issue that could have and should have been raised on direct appeal of his conviction, thus he apparently recognizes that the claim would be deemed procedurally barred if presented in a § 2255 motion (*see* Doc. 1 at 7).

As the statute indicates, a § 2241 petition may be heard independent of an action under § 2255, but only if Petitioner establishes that the § 2255 remedy is inadequate or ineffective. *See* Wofford, *supra*; McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979); Lane v. Hanberry, 601 F.2d 805 (5th Cir. 1979); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). The adequacy of the § 2255 remedy must be determined in the context of the purpose of that section, that is, to give a prisoner a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of the conviction and sentence. Wofford, 177 F.3d at 1244 (citing In re Davenport, 147 F.3d 605, 609 (7th Cir. 1998)). In Wofford, the Eleventh Circuit set forth the following three-part test for determining whether the "savings clause" applies, thereby permitting a § 2241 petition to be filed:

> 1) th[e] claim is based on a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's appeal, or first § 2255 motion.

*Id.*

In the instant case, Petitioner was not convicted of any crime which a retroactively applicable Supreme Court decision overturning prior circuit precedent has made clear is nonexistent. His sole claim is a sentencing claim, which does not rest upon a circuit law-busting, retroactively applicable Supreme Court decision. Petitioner had a procedural opportunity to raise his claim and have it decided on appeal.[1] For this reason, Petitioner's effort does not fit with the savings clause of § 2255. He is attempting to use § 2241 simply to escape any procedural bar to his claim that may be applied if he presented his claim in a § 2255 motion. However, as the Eleventh Circuit held in Wofford, the unavailability of a § 2255 motion because of a time limitation or procedural bar does not render § 2255 "inadequate or ineffective" within the meaning of the savings clause. 177 F.3d at 1245.

In summary, review under § 2241 is unavailable because Petitioner challenges the validity of his conviction and sentence, not the execution thereof. Furthermore, he has not shown that his claims satisfy the three conditions set forth in Wofford or that § 2255 was otherwise inadequate or ineffective to test the legality of his detention. In habeas corpus actions, "[i]f it plainly appears from

---

[1] Petitioner suggests he was unable to avail himself of this opportunity because he was in transport by the Bureau of Prisons with no access to his legal papers or a law library at the time his appellate brief was due (*see* Doc. 1 at 7).

the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 4, Rules Governing Section 2254 Cases;[2] *see also* 28 U.S.C. § 2243. Since Petitioner is plainly not entitled to pursue the relief he seeks under § 2241, this cause should be dismissed without further proceedings.

Accordingly, it is respectfully **RECOMMENDED**:

That the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (Doc. 1) be **DISMISSED WITH PREJUDICE** pursuant to Rule 4, Rules Governing Section 2254 Cases, and 28 U.S.C. § 2243.

At Pensacola, Florida this 1st day of June 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

---

[2]Although this habeas action was not brought pursuant to section 2254 but section 2241, Rule 1(b) of the Section 2254 Rules allows the court to apply these rules in § 2241 cases. *See* Kramer v. Jenkins, 108 F.R.D. 429, 432 (N.D. Ill. 1985).

Case No.:  3:09cv149/MCR/EMT